3

THE DUNNING LAW FIRM
A Professional Corporation
DONALD T. DUNNING (144665)
JAMES MACLEOD (249145)
9619 Chesapeake Dr., Suite 210
San Diego, CA 92123
Tel: (858) 974-7600
Fax: (858) 974-7601

Attorney for Moving Party
JOHN DEERE CONSTRUCTION &
FORESTRY COMPANY

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ARMANDO RUBIO,<br><br>Debtors. | Bankruptcy No. 23-21622<br><br>D.C. No. JM-1<br><br>**JOHN DEERE CONSTRUCTION & FORESTRY COMPANY'S MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| JOHN DEERE CONSTRUCTION & FORESTRY COMPANY,<br><br>Movant,<br><br>vs.<br><br>ARMANDO RUBIO, Debtor,<br><br>Respondent. | Date: July 24, 2023<br>Time: 10:30 a.m.<br>Courtroom: 28<br>Judge: Hon. Frederick E. Clement<br>501 I Street, 7th floor,<br>Sacramento, California |

JOHN DEERE CONSTRUCTION & FORESTRY COMPANY (the "Movant") moves the court to make and enter its Order granting it rights under its retail installment contract and security agreement pursuant to California law as follows:

1. This case was commenced by the Debtor ARMANDO RUBIO (the "Debtor") by the filing of a bankruptcy petition for relief under chapter 7 of the Bankruptcy Code on May 19, 2023. (Declaration of Angela Johnson in Support of Motion for Relief from Stay, ("Johnson Decl."), ¶4.) The Movant seeks to recover possession of its collateral.

2. The Movant is in the business of financing loans, many of which are secured by vehicles and equipment. The Movant is duly qualified, under the laws of the State of California, to do business in California. Prior to the filing of this Motion, Movant's counsel reached out to the Debtor's counsel who indicated there was no opposition to the relief requested as the Debtor had transferred the equipment at issue to his father and he did not know where his father had the equipment.

3. The Debtor having failed to pay the payments he guaranteed on behalf of his company gives rise to the Movant's request. The sum of $73,752.06 remains unpaid due and owing. (Johnson Decl., ¶5.)

4. The fair market value of the equipment is $74,638.00. (Mecham Decl., ¶6.) This fair market replacement valuation is based upon the following supporting evidence: this is the value indicated for collateral of these years, makes, models and general features in the reference guide most commonly used source for valuation data used by the Movant in the ordinary course of its business for determining the value of these types of collateral and from the research and experience of the Movant's in-house resources. (Id.) Therefore, the Debtor has very little equity interest in the equipment.

5. Pursuant to 11 U.S.C. § 362(d)(1) & (2), cause exists to grant the Movant's requested relief from stay because the Movant's interest in the equipment is not adequately protected: first, the Movant's interest in the collateral is not protected by an adequate equity cushion; second, the fair market value of the equipment is declining while payments are not being made to the Movant sufficient

to protect the Movant's interest against that decline; and third, the Debtor has indicated he gave up possession of the equipment to his father without Movant’s permission. (Johnson Decl., ¶¶ 3-7.)

6. Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the equipment; and pursuant to § 362(d)(2)(B), the equipment is not necessary for an effective reorganization.

WHEREFORE, the Movant prays that this Court issue an Order granting the following:

1. Relief from the stay to the Movant and its successors and assigns, if any;

2. Allowing the Movant to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the equipment and remit whatever amount left over to the estate.

3. That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

Dated: June 19, 2023 THE DUNNING LAW FIRM, APC

/s/ James MacLeod
Donald T. Dunning
James MacLeod
Attorneys for Movant